(Reap. Dec. 8302)

INTERNATIONAL PACKERS COMMERCIAL CO., INC., ET AL. *v.*
UNITED STATES

Entry No. 806–H, etc.

(Decided April 8, 1954)

*Barnes, Richardson & Colburn* for the plaintiffs.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted

for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto that the merchandise covered by the appeals to reappraisement set forth in Schedule A, attached hereto and made a part hereof, consists of canned corned beef imported from Argentina, packed 24 12-ounce tins per case.

That the issues involved in said appeals to reappraisement are similar in all material respects to the issues involved in *United States* v. *International Commercial Co., Inc. and Armour & Co.*, Reapt. Dec. 8112.

IT IS FURTHER STIPULATED AND AGREED that the value or price, at the time of exportation of the involved merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of Argentina in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States was $5.50 per case, less 9.4%.

IT IS FURTHER STIPULATED AND AGREED that on or about the date of exportation of the merchandise here involved, such or similar merchandise was not freely offered for sale for home consumption in Argentina.

IT IS FURTHER STIPULATED AND AGREED that the record in *United States* v. *International Commercial Co., Inc. and Armour & Co.*, Reapt. Dec. 8112, be incorporated in the record in the reappraisement appeals set forth in the attached schedule, which appeals are submitted for decision on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was $5.50 per case, less 9.4 per centum.

Judgment will be entered accordingly.